## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **BERNARDINO MACARIO REYNOSO**, **A 248 000 690,** | **CIVIL ACTION** |
| Petitioner, | **NO. 26-2321-KSM** |
| *v.* |  |
| **JAMAL L. JAMISON**, *in his official capacity as the Facility Administrator of the Philadelphia Federal Processing Center*, et al., |  |
| Respondents. |  |

## <u>ORDER</u>

**AND NOW**, this 14th day of April, 2026, upon consideration of Petitioner Bernardino Macario Reynoso's Petition for Writ of Habeas Corpus (Doc. No. 1), the Court finds as follows:

1. Petitioner, a citizen of Guatemala, entered the United States "a couple of years ago" without inspection. (Doc. No. 1 at 6; Doc. No. 4-1 at 2–4.) On April 7, 2026, he was stopped by "deportation officers" with United States Immigration and Customs Enforcement ("ICE") after leaving a home that the officers had been surveilling. (Doc. No. 4-1 at 3–4.) He was ultimately arrested and charged with violations of the Immigration and Nationality Act ("INA"). (*Id.* (detailing allegations of violations of 8 U.S.C. § 1182(a)(6)(A)(i) (alien present without admission or parole) and § 1182(a)(7)(A)(i)(I) (immigrant without an immigrant visa)).)

2. Petitioner is currently confined at the Federal Detention Center ("FDC") in Philadelphia, where he is being kept without the opportunity for a bond hearing. (Doc. No. 1 at 6–7.) He claims his current detention is pursuant to a July 8, 2025 Department of Homeland Security ("DHS") policy instructing all ICE employees to consider anyone inadmissible under Section 1182(a)(6)(A)(i) subject to detention without eligibility for bond, regardless of whether

they are attempting to enter the country or have been present here for years.  (*Id.* at 10–11); *see also* ICE, Interim Guidance Regarding Detention Authority for Applicants for Admission (July 8, 2025), https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last accessed April 14, 2026).

   3.  On April 9, 2026, Petitioner filed the instant Petition, in which he argues that habeas relief is warranted because his continued detention is in violation of the INA and the Due Process Clause of the Fifth Amendment.  (Doc. No. 1 at 9–16.)  The Government[1] opposes the Petition, arguing that the Court should deny habeas relief because: (1) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (2) his detention does not offend due process.  (*See* Doc. No. 4.)[2]  For the reasons discussed below, these arguments fail.  Petitioner is detained

---

[1] Petitioner names five individuals as Respondents:  (1) Jamal L. Jamison, Warden of the FDC, (2) John E. Rife, Acting Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, ICE; (3) Todd Lyons, Acting Director of ICE; (4) Markwayne Mullin, Secretary of DHS; and (5) Todd Blanche, United States Attorney General (collectively, the "Government").  (Doc. No. 1 at 1.)

[2] Although in many similar cases, the Government "advanced various jurisdictional" and exhaustion arguments, it does not raise those arguments here.  (Doc. No. 4 at 5–6.)  Nevertheless, for all the reasons stated by the hundreds of district court opinions considering the issue, the Court is convinced that we have jurisdiction to consider the Petition and that it would be futile to first require exhaustion of administrative remedies.  *See, e.g.*, *Kashranov v. Jamison*, No. 25cv5555, 2025 WL 3188399, at *3–4 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025).

pursuant to 8 U.S.C. § 1226(a),[3] not § 1225(b)(2),[4] and therefore, the Government's refusal to provide a bond hearing violates the INA and due process.

4.    When an applicant for admission is apprehended after being present in the United States for years, like Petitioner here, they are not "actively 'seeking admission'" at the time of their arrest, so Section 1225(b)(2) does not govern their detention.[5]  *Demirel v. Fed. Detention Ctr.*, No. 25cv5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025); *see also, e.g.,*

---

[3] Section 1226 authorizes the detention of noncitizens "pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  But unlike a noncitizen detained under Section 1225, a noncitizen detained under Section 1226 may be released while they await a decision on removal.  *Id.* (granting the Attorney General discretion to either detain the noncitizen *or* to release the noncitizen on bond or conditional parole).  Immigration authorities are tasked with the "initial custody determination, after which the noncitizen may request a bond hearing before an immigration judge."  *Kashranov*, 2025 WL 3188399, at *1 (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)).  "At the hearing, the noncitizen 'may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community.'"  *Id.* (quoting *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019)).  If released, the bond remains subject to revocation.  *See* 8 U.S.C. § 1226(b) (providing that the Attorney General may "at any time revoke" the noncitizen's "bond or parole . . . , rearrest the alien under the original warrant, and detain" them).

[4] Section 1225 governs the inspection of "applicants for admission," a phrase broadly defined as any noncitizen who is "present in the United States who has not been admitted or who arrives in the United States."  *See* 8 U.S.C. § 1225(a)(1), (b)(1), (b)(2).  Section 1225(b) divides applicants into two categories.  *Id.* § 1225(b).  First, Section 1225(b)(1) provides for the inspection of aliens "arriving in the United States and certain other aliens who have not been admitted or paroled."  *Id.* § 1225(b)(1).  And Section 1225(b)(2) governs the "[i]nspection of other aliens," stating that "[i]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending a removal proceeding.  *Id.* § 1225(b)(2)(A).

[5] This Court has previously held the Fifth Circuit's February opinion in *Buenrostro-Mendez v. Bondi* does not change the Court's interpretation of the relevant statutory language.  166 F.4th 494 (5th Cir. 2026); *see Vimos v. Fed. Detention Ctr. of Phila.,* No. 26-cv-780, 2026 WL 381173, at *5 n.12 (E.D. Pa. Feb. 11, 2026) (disagreeing with *Buenrostro-Mendez*).  The Eighth Circuit's March opinion in *Avila v. Bondi*, __ F. 4th __ No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026), which heavily relies on the Fifth Circuit's analysis, also does not change the Court's view.  As a preliminary matter, decisions of the Fifth and Eighth Circuit are not binding on this Court, and are, at most, persuasive authority.  *See United States v. Maury*, 695 F.3d 227, 259 n.27 (3d Cir. 2012) ("Of course, the decisions of other circuits, while persuasive, are not binding on the district courts in this Circuit.").  And, as the Court explained in *Vimos*, we are not persuaded by the Fifth Circuit's reasoning.  *See* 2026 WL 381173, at *5 n.12; *see also, e.g., Olimov v. Jamison*, 26-cv-532, 2026 WL 596155, at *3–4 (E.D. Pa. Mar. 3, 2026).  Instead, the Court reaffirms its prior holdings that Section 1226 governs the detention of undocumented immigrants who are present in the United States and not ***actively*** seeking admission.

*Kashranov*, 2025 WL 3188399, at *6; *Cantu-Cortes*, 2025 WL 3171639, at *2.  Instead, their

detention is governed by Section 1226, which "grants the Attorney General discretion to detain

or release a noncitizen on bond while removal proceedings are pending."  *Kashranov*, 2025 WL

3188399, at *5.  Courts have held that the right to a bond hearing is not merely statutory, but

constitutional:  "When the Government detains an alien under Section 1226, the alien has due

process rights, including a right to an individualized detention and a bond hearing."  *Id.*; *see also,*

*e.g.*, *Patel v. McShane*, No. 25-cv-5975, 2025 WL 3241212, at *2 (E.D. Pa. Nov. 20, 2025);

*Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307, at *1 (E.D. Pa. Nov. 19, 2025); *Demirel*,

2025 WL 3218243, at *5; *Cantu-Cortes*, 2025 WL 3171639, at *2.  Because ICE's mandatory

detention of Petitioner without a bond hearing violates the INA and the Due Process Clause of

the Fifth Amendment,[6] habeas relief is warranted.  28 U.S.C. § 2241(c)(1), (3); *see also, e.g.*,

*Kashranov*, 2025 WL 3188399, at *8.

For those reasons, it is **ORDERED** that the Petition is **GRANTED** as follows:

1.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and

is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C.

§ 1226(a).

2.      The Government shall **RELEASE** Petitioner from custody immediately.  Counsel

shall certify compliance with this Order by filing on the docket no later than **7:00 p.m. EDT** on

**Tuesday, April 14, 2026**.

3.      The Government is temporarily enjoined from re-detaining Petitioner for seven

days following his release from custody.

---

[6] Because habeas relief is warranted on these claims, the Court need not address Petitioner's alternative argument that his detention violates the implementing regulations of the INA.

4

4.      If the Government pursues re-detention of Petitioner after that seven-day period, it must first provide him with a bond hearing, at which an immigration judge shall determine whether detention is warranted pending the resolution of Petitioner's removal proceedings.  Pending that bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed from the District.  Any such request must include an explanation for the request as well as the proposed destination.  The Court will then determine whether to grant the request and permit transfer.

5.      The Clerk of Court shall mark this matter **CLOSED** upon receipt of the certification of Government counsel discussed above.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

_____

KAREN SPENCER MARSTON, J.